**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICHARD L. VAN WINKLE,

      Plaintiff-Appellant,

v.

STATE OF WYOMING; JIM
GERINGER, individually and in his
official capacity as Governor of
Wyoming; THOMAS C. CAMPBELL,
individually and in his official
capacity as Carbon County Attorney;
JERRY COLSON, individually and in
his official capacity as Carbon County
Sheriff,

      Defendants-Appellees.

No. 00-8071
(D.C. No. 98-CV-160-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff, a prisoner of the State of Washington, brought this civil rights case under 42 U.S.C. § 1983, alleging the deprivation of his constitutional rights by various officials of the State of Wyoming and Carbon County. The alleged deprivations stem from plaintiff's extradition from Washington to Wyoming to face charges of incest. The district court granted summary judgment to defendants, and plaintiff appeals. We affirm.

> We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

*Simms v. Oklahoma ex rel Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (citations omitted).

Upon this review, we affirm the judgment of the district court for substantially the same reasons as those contained in the order of that court dated September 22, 2000.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge